**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-10369**

---

**JAMES EDWARD HALE,**

**Petitioner-Appellant,**

**VERSUS**

**JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL**
**JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
For the Northern District of Texas
(4:99-CV-996-A)

---

June 7, 2002

Before DUHÉ, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal follows the grant of a Certificate of Appealability (COA) by this Court on the issues of whether Petitioner-Appellant James Edward Hale's attorney was ineffective for (1) not challenging the indictment, and (2) not filing a notice

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal. After a thorough review of the parties' briefings and the record in this case, we AFFIRM the district court's judgment.

On June 14, 1999, Hale pleaded guilty to four heroin related offenses in Cause Numbers 0722222D, 0722227A, 0731061A, and 0725544A in the 213th District Court of Tarrant County, Texas. Hale was sentenced to 10 years of imprisonment for each of the heroin offenses. Those sentences were to run concurrently with each other and with his 15-year sentence for a 1992 theft conviction. On July 28, 1999, two weeks after the expiration of the time for filing an appeal, Hale filed a pleading in the Tarrant County District Court entitled "Motion to Enter Notice of Appeal." The motion was denied as untimely filed on August 2, 1999.

On August 17, 1999, Hale filed a state application for writ of habeas corpus in which he challenged his heroin conviction entered in Cause Number 0731061A. The State of Texas did not file a response. Hale argued that his attorney was ineffective for: (1) telling him that he faced a 35-year sentence if he did not plead guilty; (2) not challenging the indictment because the prior theft convictions should not have enhanced his current offense; and (3) not filing a notice of appeal. Hale also made the erroneous claim that his attorney had not informed him that his 10-year sentences would not run concurrently with his existing 15-year sentence when he understood that they would. However, as noted below, the magistrate judge indicated that it appears Hale was actually contending that he was not properly informed of the nature of

2

concurrent sentences, believing that the word "concurrent" was equivalent to the word "coterminous." Nevertheless, in September 1999, the Texas Court of Criminal Appeals denied the application without a written order.

On November 30, 1999, Hale filed a 28 U.S.C. § 2254 petition in the Northern District of Texas challenging all four of his heroin convictions. Hale argued that he was led to believe that his 10-year sentence would run concurrently with his prior 15-year sentence. He also argued that his guilty plea was involuntarily based on erroneous advice from his attorney. Furthermore, Hale argued that his attorney was ineffective for not investigating his two prior theft convictions, for not filing any motions challenging the indictment, and for not filing an appeal. Respondent-Appellee, Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), filed a motion to dismiss the petition, alleging that it contained both exhausted (the heroin conviction challenged in the state habeas application) and unexhausted claims (the other three heroin convictions).

A magistrate judge agreed with the Director and recommended that Hale's petition be dismissed without prejudice for failure to exhaust his claims pertaining to the three heroin offenses in state court, which resulted in a mixed petition. The district court, however, refused to adopt the recommendation, noting that Hale had cited to the case number of the lead state case. As a result, the district court concluded that Hale's arguments were applicable to

3

all four of his convictions and that the outcome would have been the same had Hale listed all four case numbers. The district court, therefore, denied the Director's motion to dismiss and returned the case to the magistrate judge.

Upon reconsideration of Hale's claims, the magistrate judge determined that Hale's sentences for the four heroin convictions were, in fact, ordered to run concurrently with each other and with the 15-year sentence for his prior theft convictions. The magistrate judge concluded that "Hale's real complaint is that he was mislead into believing that the subject four sentences would expire at the same time as the fifteen-year sentence, and therefore the sentences were also to have been imposed coterminously." According to the magistrate judge, there was no support in the record for such a claim. The magistrate judge concluded that Hale's guilty plea was entered voluntarily and knowingly and was not induced by erroneous information. The magistrate judge also concluded that Hale's attorney adequately informed him about the consequences of his plea; that Hale could not raise ineffective assistance of counsel claims other than those related to the voluntariness of his plea; and that Hale had waived his right to appeal as part of his plea and, therefore, his attorney was not ineffective for not filing a notice of appeal.

On January 17, 2001, the magistrate judge recommended that Hale's petition be dismissed. The magistrate judge gave the parties until February 7, 2001, to file objections, which Hale did

4

on February 5, 2001. Hale's pleading entitled "Objections to Magistrate's Findings, Conclusions and Recommendations," however, was stricken from the record because he failed to include a completed certificate of service. On February 8, 2001, the district court concluded that Hale had not filed objections and ordered that his § 2254 petition be dismissed. The district court also concluded that, even if it had considered Hale's objections, the court would have found that he was not entitled to habeas relief.

Hale filed a notice of appeal, which the district court construed as a motion for a COA and denied. Hale then sought a COA from this Court and raised three ineffective assistance of counsel arguments: (1) that his attorney was ineffective for not challenging his indictment, which he argued improperly allowed a prior state jail felony to enhance his instant state jail felony; and (2) that his attorney failed to file a notice of appeal. Once again, Hale also made the same erroneous argument that he did in the state court regarding his understanding about whether his sentences were to run concurrently. In July 2001, this Court denied a COA for Hale's ineffective assistance of counsel claims relating to the voluntariness of the plea. However, a COA was granted on the issues regarding whether Hale's attorney was ineffective for not challenging the indictment and for failing to file a notice of appeal.

Having considered the parties' briefs and the entire record in

5

this case, we affirm the district court's order. First, in response to the Director's contentions, we find that the district court correctly concluded that Hale's two ineffective assistance of counsel arguments apply equally to all four of his heroin convictions. Hale presented the claims to the state habeas court, there were documents in the state habeas record indicating that he pleaded guilty to four heroin charges, and there was no indication that the outcome of the state habeas proceeding would have been different. *See* **Whitehead v. Johnson**, 157 F.3d 384, 387 (5th Cir. 1998) (noting that a petitioner satisfies the exhaustion requirement by raising in the state's highest court the "substantial equivalent" of his federal habeas arguments).

Second, we find that the district court properly concluded that Hale's claims of ineffective assistance of counsel are unsupported by the record. The record indicates that, contrary to Hale's contentions, the indictment was sufficient. Under Texas law, charges set forth in an indictment are based in part on a defendant's previous offenses. Hale had previous theft convictions in 1989 and 1992. Under pre-1994 law, Hale's previous convictions were felonies, which would result in his heroin charge being enhanced to a second-degree felony with a 20 year maximum sentence. Under the current law, Hale's convictions are "state jail felonies" that would result in an enhancement to only a third-degree felony with a 10 year maximum sentence. Hale argues that he should

6

receive the benefit of the current law.  However, we do not believe that the current law applies to Hale's previous convictions.[2] Therefore, we conclude that the indictment was not deficient and that Hale's counsel was not ineffective for failing to challenge it.  *See generally* **Hill v. Lockhart**, 474 U.S. 52 (1985); **Blackledge v. Allison**, 431 U.S. 63 (1977).

We also note that the record is absent of any convincing evidence that Hale timely instructed his attorney to pursue a direct appeal or assist him with a *pro se* appeal after the entry of the guilty pleas.  To the contrary, the record indicates that his attorney was unaware that Hale wanted to appeal until after she received his letter posted on August 12, 1999, which was beyond the allowable time for properly filing a notice of appeal.  Hale's counsel, therefore, cannot be said to have been ineffective in this respect.  *See* **Roe v. Flores-Ortega**, 528 U.S. 470, 477-78 (2000) (rejecting a bright line rule that counsel must file a notice of appeal unless the defendant specifically instructs otherwise).

For the foregoing reasons, we AFFIRM the district court.

---

[2]Our research indicates that the only Texas court to address this issue did so in an unpublished opinion in which it concluded that a felony offense committed before the 1994 revisions would remain the same for enhancement purposes after the revisions became effective.  *See* **Perkins v. State,** 2000 WL 61648 (Tex. App.–Dallas Jan. 26, 2000).  We recognize that unpublished opinions carry no precedential value, however, we note that our opinion in the present case is consistent with **Perkins.**